**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**JOHN H. COOK**                                        **CIVIL ACTION**

**VERSUS**                                                   **NO. 12-1428**

**FRANK X. NEUNER, ET AL.**                        **SECTION "J"(3)**

## REPORT AND RECOMMENDATION

Plaintiff, John H. Cook, a state prisoner, filed this civil action against Frank X. Neuner, Jean M. Faria, John Simmons, James Linder, and David Sirera pursuant to 42 U.S.C. § 1983. In this lawsuit, plaintiff claims that the defendants' acts and omissions resulted in him being denied effective assistance of counsel in his state criminal proceedings in violation of the Sixth Amendment.

### I. Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –

> (1) is frivolous, malicious, or fails to state a claim upon which relief
> may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit,

federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the
> court shall dismiss the case at any time if the court determines that ... the action or
> appeal –
> > (i) is frivolous or malicious;
> > (ii) fails to state a claim on which relief may be granted; or
> > (iii) seeks monetary damages against a defendant who is immune
> > from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27

F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the

Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory,

but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those

claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327

(1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not

"plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must

be enough to raise a right to relief above the speculative level, on the assumption that all the

allegations in the complaint are true (even if doubtful in fact)." *In re* Katrina Canal Breaches

2

Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted).  The

United States Supreme Court recently explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint,[1] the undersigned recommends that, for

the following reasons, the complaint be dismissed as frivolous and/or for failing to state a claim on

which relief may be granted.

## II.  Plaintiff's Claims

### A.  Federal Claims

As noted, plaintiff claims that the defendants' acts and omissions resulted in him being

denied effective assistance of counsel in his state criminal proceedings in violation of the Sixth

Amendment.  For the following reasons, the Court finds that plaintiff's federal claims are barred by

Heck v. Humphrey, 512 U.S. 477 (1994).

In Heck, the United States Supreme Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive

---

[1]    The court must liberally construe a *pro se* civil rights complaint.  See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486-87 (footnote omitted). Heck has been extended to also bar claims for declaratory and injunctive relief. See, e.g., Walton v. Parish of LaSalle, 258 Fed. App'x 633, 633-34 (5th Cir. 2007); Collins v. Ainsworth, 177 Fed. App'x 377, 379 (5th Cir. 2005); Shaw v. Harris, 116 Fed. App'x 499, 500 (5th Cir. 2004). Claims barred by Heck are legally frivolous. Hamilton v. Lyons, 74 F.3d 99, 103 (5th Cir. 1996).

Plaintiff's state conviction remains outstanding. Further, a finding by this Court that the defendants' acts and omissions resulted in plaintiff being denied rights guaranteed under the Sixth Amendment would necessarily imply the invalidity of that conviction. Accordingly, Heck currently bars his federal claims. See, e.g., Stackhouse v. Kravich, 222 Fed. App'x 142 (3rd Cir. 2007); Browdy v. Karpe, 131 Fed. App'x 751, 753 (2nd Cir. 2005); Pearson v. Horenstein, 43 Fed. App'x 777, 778 (6th Cir. 2002); Webber v. Weaver, 6 Fed. App'x 706, 708 (10th Cir. 2001); Montgomery v. City of Lake Charles, No. 2:10-1297, 2011 WL 887910, at *3 (W.D. La. Mar. 9, 2011); Robinson v. Snipes, No. 3-09-CV-1863, 2009 WL 4059197, at *2-3 (N.D. Tex. Nov. 20, 2009); Perkins v. Martin, No. 3:09-CV-1731, 2009 WL 3816525, at *2-3 (N.D. Tex. Nov. 12, 2009).

However, before applying Heck, which results in only a *conditional* bar that allows refiling of the lawsuit in the event that the conviction is subsequently invalidated, it is appropriate for a

court, in the interest of judicial economy, to determine whether alternative bases for dismissal exist which would result in an *absolute* bar to such refiling. If such an alternative basis exists, the claims should instead be dismissed with prejudice on those grounds in order to prevent the subsequent filing of clearly meritless lawsuits. See, e.g., Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir. 1994) (even if Heck is applicable, it is appropriate for district courts to consider the defendant's immunity as a threshold matter); McCloud v. Craig, Civ. Action No. 09-3287, 2009 WL 2515609, at *3 (E.D. La. Aug. 17, 2009). Such an alternative ground for dismissal does in fact exist with respect to plaintiff's claims in this lawsuit. Accordingly, for the following reasons, the undersigned recommends that plaintiff's claims be dismissed with prejudice on that ground.[2]

Plaintiff brought this lawsuit pursuant to 42 U.S.C. § 1983. In pertinent part, that statute provides:

> Every person who, *under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia*, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

42 U.S.C. § 1983 (emphasis added).

David Sirera is the public defender who represented plaintiff in his state criminal proceedings. It is clear that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981). Because Sirera is not a state actor, he cannot be

---

[2]    If, however, the District Judge were to reject the proposed findings regarding the alternative ground, plaintiff's claims would still be subject to dismissal under Heck.

held liable under § 1983. Moreover, Sirera's superiors, Frank X. Neuner, Jean M. Faria, John Simmons, and James Linder, likewise are not state actors and, further, cannot be held liable under § 1983 for Sirera's actions under any theory of vicarious liability. Id.; Walton v. Parish of LaSalle, 258 Fed. App'x 633 (5th Cir. 2007); Taylor v. Babcock, No. 90-35632, 1992 WL 60464 (9th Cir. Mar. 30, 1992); Brown v. Noel, 2010 WL 2696151, at *2 (W.D. La. July 2, 2010); Landor v. Hogue, Civ. Action No. 07-9171, 2008 WL 243950, at *2 (E.D. La. Jan. 25, 2008).

### B. State Claims

In his complaint, plaintiff also indicates that he is asserting pendent state-law claims. However, if his federal claims are dismissed as recommended, the Court should decline to exercise supplemental jurisdiction over his state-law claims. See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction."); see also Jackson v. Mizzel, 361 Fed. App'x 622, 627 (5th Cir. 2010) ("Because [the plaintiff] states not one valid federal claim, the district court properly declined jurisdiction over his Louisiana causes of action."); Bass v. Parkwood Hospital, 180 F.3d 234, 246 (5th Cir. 1999) ("When a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims.").

### RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's federal claims be **DISMISSED WITH PREJUDICE** as frivolous and/or for failing to state a claim on which relief may be granted.

It is **FURTHER RECOMMENDED** that plaintiff's state-law claims be **DISMISSED WITHOUT PREJUDICE.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[3]

New Orleans, Louisiana, this twentieth day of June, 2012.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[3]     Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.